1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney

2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  DAVID B. COUNTRYMAN (CSBN 226995)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, 9th Floor
6       San Francisco, CA 94102
        Telephone: 415.436.7303
7       Facsimile:  415.436.6748
        Email: david.countryman@usdoj.gov
8
   Attorneys for United States of America
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,              )       **No.**
                                           )
14                    Plaintiff,           )
                                           )
15          v.                             )
                                           )
16  REAL PROPERTY AND IMPROVEMENTS         )
    LOCATED AT 4589 CROOKED PRAIRIE        )      **COMPLAINT FOR FORFEITURE**
17  ROAD, HUMBOLDT COUNTY,                 )
    CALIFORNIA, ASSESSOR'S PARCEL          )
18  NUMBER 221-181-028                     )
                                           )
19                    Defendant.           )
                                           )
20  _____)

21  In this *in rem* forfeiture action, the United States alleges:

22                         **JURISDICTION**

23      1.    This Court has jurisdiction under Title 28, United States Code, Sections 1345 and

24  1355, and Title 21 United States Code, Section 881.

25                           **PARTIES**

26      2.    Plaintiff is the United States of America.

27      3.    Defendant is the real property and improvement located at 4589 Crooked Prairie

28  Road, Humboldt County, California, Humboldt County Assessor's Parcel Number (APN) 221-

COMPLAINT FOR FORFEITURE                                                        *1*

1  181-028, and further described below/or in Exhibit A (hereinafter "defendant real property").

2  Defendant real property is a multi-acre rural parcel located in Humboldt County, and Kenneth W.

3  Estes is an owner of record of defendant real property.

## VENUE

4.     Venue lies in the Northern District of California pursuant to Title 28, United

States Code Sections 1355(b) and 1395(a) and (b), as the acts giving rise to this *in rem* action

occurred in this district and the defendant real properties are located in this district.

## FACTS

5.     Plaintiff incorporates by reference the allegations of paragraphs one through four

as though fully set forth herein.

6.     On August 27, 2003, DEA agents participated in a federal search warrant at

defendant real property. The search warrant resulted in the seizure of approximately 1,027

marijuana plants growing inside of a main building that had been equipped with high-intensity

lights. Agents also found a diesel generator in a small wooden shed that provided electricity to

the main building.

7.     On September 13, 2006, DEA agents served a federal search warrant at defendant

real property. The search warrant resulted in the seizure of approximately 706 growing

marijuana plants. Agents found 678 plants growing in 12 different outdoor cultivation areas

around the property. In the main building, agents found a room that contained chicken wire

drying racks and boxes of marijuana trimmings. Next to the main building, agents found a new

beige-colored structure with an attached greenhouse containing 28 marijuana plants and an

inactive six-light marijuana cultivation room. Agents also found two empty wooden structures

set away from the main building..

8.     On September 20, 2007, the Humboldt County Sheriff's Office, assisted by the

DEA, executed a California state search warrant at defendant real property. Agents located over

150 marijuana plants growing outdoors in various locations.

9.     During the execution of the search warrant, agents interviewed Anthony Nguyen

and An Dinh. Both individuals stated that their sole occupation was growing marijuana on

COMPLAINT FOR FORFEITURE                                                                    *2*

1  defendant real property for Kenneth Estes.

2  10.  On May 28, 2008, DEA agents served a third federal search warrant at defendant
3  real property. Agents seized over 400 marijuana plants growing inside of the two wooden
4  structures that had previously been empty. Agents also discovered two diesel generators, one of
5  which was used to provide electricity to the buildings where the marijuana was found. Agents
6  also located a room in the main building that was set up with trays and fluorescent lights in order
7  to clone marijuana plants.

8  11.  During the execution of the warrant, DEA Special Agent Carlos Alfaro
9  interviewed Peter Nguyen, who resided in the main structure located on the defendant real
10  property. Mr. Nguyen stated that his sole occupation was growing marijuana on defendant real
11  property for Kenneth Estes.

12  **CLAIM FOR RELIEF**

13  **21 U.S.C. § 881(a)(7)**

14  **(forfeiture of property used to facilitate drug trafficking)**

15  12.  Plaintiff incorporates by reference the allegations of paragraphs one through 11 as
16  though fully set forth.

17  13.  Title 21, United States Code, Section 881(a)(7) provides for the forfeiture of all
18  real property, including any right, title and interest, which is used or intended to be used, in any
19  manner or part, to commit, or to facilitate the commission of a violation of Title 21, United
20  States Code, Chapter 13, Subchapter I, to include Title 21, United States Code, Section
21  841(a)(1).

22  14.  In light of the foregoing, the defendant real property  represents property which
23  facilitated a violation of Title 21, United States Code, Section 841(a)(1) – marijuana cultivation,
24  and thus subject to forfeiture to the United States pursuant to Title 21, United States Code,
25  Section 881(a)(7).

26  **PRAYER FOR RELIEF**

27  15.  The United States has not seized defendant real property. The United States will,
28  as provided in Title 18, United States Code, Section 985(b)(1) and (c)(1):

COMPLAINT FOR FORFEITURE                                                          *3*

1      a.      Post notice of this action and a copy of this Complaint for Forfeiture at defendant

2  real property;

3      b.      Serve notice of this action together with a copy of the Complaint for Forfeiture

4  and related documents, on the owners of record of defendant real property; and

5      c.      Record *lis pendens* in the county records for the Humboldt County to demonstrate

6  the status of defendant real property in this *in rem* action.

7

8                                         Respectfully submitted,

9                                         JOSEPH P. RUSSONIELLO
                                          United States Attorney

10

11
   Dated: May 28 2008

12                                         STEPHANIE M. HINDS
                                           Assistant United States Attorney

13

14

15

16  Assigned to:

17        AUSA D. Countryman

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

I, Brian Cole, state as follows:

1.    I am a Special Agent with the Drug Enforcement Administration. As such, I am familiar with the facts, and the investigation leading to the filing of this Complaint for Forfeiture.

2.    I have read the Complaint for Forfeiture, and based upon review of relevant investigative reports, review of documentary evidence, discussions with other persons involved in the investigation, and participation in the investigation, I believe the allegations contained in it to be true.

\*     \*     \*     \*     \*

I declare under penalty of perjury that the foregoing is true and correct. Executed this 28th day of May, 2008,  in San Francisco, California.

(SA) Brian Cole

BRIAN COLE
Special Agent
Drug Enforcement Administration

**Exhibit A**

## Exhibit "A"

Real property in the unincorporated area of the County of Humboldt, State of California, described as
follows:

PARCEL ONE

THE EAST HALF OF THE NORTHWEST QUARTER OF SECTION 33, TOWNSHIP 3 SOUTH, RANGE 2 EAST,
HUMBOLDT MERIDIAN.

THE ABOVE DESCRIBED PROPERTY BEING DESIGNATED PARCEL 1 ON PARCEL MAP NO. 1063 ON FILE
IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, IN BOOK 9 OF PARCEL MAPS AT PAGES
83 AND 84.

PARCEL TWO

A NON-EXCLUSIVE RIGHT OF WAY FOR INGRESS, EGRESS AND PUBLIC UTILITIES, TO BE USED IN
COMMON WITH OTHERS, WITHIN A STRIP OF LAND 60 FEET WIDE, THE CENTER LINE OF WHICH
BEING MORE PARTICULARLY DESCRIBED AND DESIGNATED "CENTERLINE OF A 60 FOOT WIDE
PRIVATE RIGHT OF WAY", ON THE RECORD OF SURVEY ON FILE IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY, IN BOOK 23 OF SURVEYS AT PAGE 93, AS GRANTED IN DEED DATED
APRIL 3, 1974, EXECUTED BY ERNEST M. MCKEE, JR. AND PATRICIA MCKEE, HUSBAND AND WIFE, AND
MCKEE AND SONS, INC., A CALIFORNIA CORPORATION, AND RECORDED APRIL 12, 1974, IN BOOK
1234 OF OFFICIAL RECORDS AT PAGE 494, UNDER RECORDER'S FILE NO. 6390, HUMBOLDT COUNTY
RECORDS, AND RE-RECORDED MAY 10, 1974, IN BOOK 1238 OF OFFICIAL RECORDS AT PAGE 460,
UNDER RECORDER'S FILE NO. 8276.

PARCEL THREE

A NON-EXCLUSIVE RIGHT OF WAY FOR INGRESS, EGRESS AND PUBLIC UTILITIES, TO BE USED IN
COMMON WITH OTHERS, WITHIN A STRIP OF LAND 60 FEET WIDE, THE CENTER LINE OF WHICH
BEING MORE PARTICULARLY DESCRIBED AND DESIGNATED "CENTERLINE OF A 60 FOOT WIDE
PRIVATE RIGHT OF WAY", ON THE RECORD OF SURVEY ON FILE IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY, IN BOOK 23 OF SURVEYS AT PAGE 31, AS GRANTED IN DEED DATED
APRIL 3, 1974, EXECUTED BY ERNEST H. MCKEE, JR. AND PATRICIA MCKEE, HUSBAND AND WIFE, AND
MCKEE AND SONS, INC., A CALIFORNIA CORPORATION, AND RECORDED APRIL 12, 1974, IN BOOK
1234 OF OFFICIAL RECORDS AT PAGE 494, UNDER RECORDER'S FILE NO. 6390, AND RE-RECORDED
MAY 10, 1974, IN BOOK 1238 OF OFFICIAL RECORDS AT PAGE 460, UNDER RECORDER'S FILE NO.
8276.

PARCEL FOUR

A NON-EXCLUSIVE RIGHT OF WAY FOR INGRESS, EGRESS AND PUBLIC UTILITIES, TO BE USED IN COMMON WITH OTHERS, OVER THAT PORTION OF THE ROAD DESIGNATED AS "CENTERLINE OF 60 FOOT PRIVATE RIGHT WAY", ON THE RECORD OF SURVEY MADE BY JOSEPH J. SCHERF, WHICH SURVEY IS ON FILE IN THE COUNTY RECORDER'S OFFICE OF HUMBOLDT COUNTY, IN BOOK 22 OF SURVEYS, PAGES 121 TO 124 INCLUSIVE, AS CONVEYED TO DELMAR W. EGGLESTON AND WIFE, BY DEED RECORDED SEPTEMBER 13, 1968, IN BOOK 975 OF OFFICIAL RECORDS, PAGE 41.

EXCEPTING FROM SAID PARCEL FOUR THAT PORTION THEREOF LYING WITHIN THE NORTH HALF OF THE SOUTHWEST QUARTER OF SECTION 3, TOWNSHIP 4 SOUTH, RANGE 2 EAST, HUMBOLDT MERIDIAN.

PARCEL FIVE

A NON-EXCLUSIVE RIGHT OF WAY FOR INGRESS, EGRESS AND PUBLIC UTILITIES TO BE USED IN COMMON WITH OTHERS OVER THAT PORTION OF THE ROAD DESIGNATED AS "EXISTING PRIVATE ROAD" ON RECORD OF SURVEY ON FILE IN THE COUNTY RECORDER'S OFFICE OF HUMBOLDT COUNTY, IN BOOK 22 OF SURVEYS, PAGE 66 TO 69 INCLUSIVE, RUNNING FROM STATION 234+19.44 E.C., AS SHOWN ON THE ABOVE SURVEY, BEING ALSO THE SOUTHERLY TERMINUS OF COURSE 1, AS SHOWN ON THE RECORD OF SURVEY ON FILE IN BOOK 22 OF SURVEYS, PAGES 121 TO 124 INCLUSIVE, SOUTHEASTERLY TO THE COUNTY ROAD IN SECTION 24, TOWNSHIP 4 SOUTH, RANGE 2 EAST, HUMBOLDT MERIDIAN, AS CONVEYED TO DELMAR W. EGGLESTON AND WIFE, BY DEED RECORDED SEPTEMBER 13, 1968, IN BOOK 975 OF OFFICIAL RECORDS, PAGE 41.

APN: 221-181-028