JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

DAVID B. COUNTRYMAN (CSBN 226995)
Assistant United States Attorney

450 Golden Gate Avenue, 9th Floor
San Francisco, CA 94102
Telephone: 415.436.7303
Facsimile: 415.436.6748
Email: david.countryman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CV 08-2696 WHA |
| Plaintiff, | |
| v. | SETTLEMENT AGREEMENT AND ORDER |
| REAL PROPERTY AND IMPROVEMENTS LOCATED AT 4589 CROOKED PRAIRIE ROAD, HUMBOLDT COUNTY, CALIFORNIA, ASSESSOR'S PARCEL NUMBER 221-181-028 | |
| Defendant. | |

The parties stipulate and agree as follows:

1. Plaintiff is the United States of America ("United States"). Defendant is the real property and improvement located at 4589 Crooked Prairie Road, Humboldt County, California, Humboldt County Assessor's Parcel Number (APN) 221-181-028 (the "defendant property"). After proper notification and publication was given, the only person who filed a timely Claim in this action is claimant, Kenneth Estes. As a result, only claimant Estes has a right to defend defendant property. The United States and claimant Estes are hereafter referred to as the "parties" in this document which is hereinafter referred to as the "Settlement Agreement" or "Agreement."

SETTLEMENT AGREEMENT AND ORDER
CV 08-2696 WHA

1

2. After full and open discussion, the parties agree to resolve any and all claims against defendant property, as well as against any and all past and present officials, employees and agents of the United States, including those at the United States Department of Justice, arising out of the search of defendant property, the filing of a lis pendens, and the facts alleged in the Complaint for Forfeiture filed on or about May 28, 2008.

3. The parties agree that the resolution of the lawsuit is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Agreement has been freely and voluntarily entered into by the parties. The parties further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement. This Agreement shall not be modified or supplemented except in writing signed by the parties. The parties have entered into this Agreement in lieu of continued protracted litigation and District Court adjudication.

4. The parties further agree that this Settlement Agreement does not constitute precedent on any legal issue for any purpose whatsoever, including all administrative proceedings and any lawsuits.

5. This settlement is a compromise over disputed issues and does not constitute any admission of wrongdoing or liability by any party.

6. The parties agree that claimant Estes releases and discharges the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the search of defendant property, the filing of a lis pendens, and the allegations in plaintiff's Complaint for Forfeiture.

7. Claimant Estes does not contest that the United States has sufficient evidence to support the forfeiture of defendant property under 21 U.S.C. § 881(a)(7), as alleged in the Complaint for Forfeiture. In order to resolve this case without the expense of further litigation, the parties have agreed that defendant property shall be forfeited to the United States.

8. The Parties agree to execute further documents, to the extent necessary, to convey clear title to the property to the United States and to further implement the terms of this settlement.

9. Claimant Estes shall hold harmless the United States, including its agents,

SETTLEMENT AGREEMENT AND ORDER
CV 08-2696 WHA

2

officers, representatives and employees, as well as any and all state and local law enforcement officials, for any and all acts directly or indirectly related to the search of defendant property, the filing of a lis pendens, the facts alleged in the Complaint for Forfeiture, and the forfeiture of defendant property.

10. The United States and Claimant agree that each party shall pay its own attorneys' fees and costs.

11. Based on the foregoing Settlement Agreement between the United States, claimant Estes, the Parties agree that, subject to the Court's approval, this action be and hereby is DISMISSED and that the proposed JUDGMENT OF FORFEITURE which is submitted with this Settlement Agreement be entered.

IT IS SO STIPULATED:

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: 10/08, 2008

DAVID COUNTRYMAN
Assistant United States Attorney

Dated: 10/7, 2008

THOMAS SWIHART
Attorney for Claimant Kenneth Estes

Dated: 10/7, 2008

KENNETH ESTES
Claimant

BASED ON THE FOREGOING STIPULATION, IT IS SO ORDERED ON THIS 14 DAY OF October, 2008.

IT IS SO ORDERED
Judge William Alsup

HONORABLE WILLIAM H. ALSUP
United States District Judge

SETTLEMENT AGREEMENT AND ORDER
CV 08-2696 WHA

3